UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00203-FDW

| | |
|---|---|
| DAVID MICHAEL WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CYNTHIA D. THORTON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner David Michael Wilson's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to proceed in forma pauperis. (Doc. No. 2.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, on December 15, 2011, was convicted by a Buncombe County Superior Court jury of first-degree sex offense with a child, taking indecent liberties with a child, and attaining habitual felon status. State v. Wilson, 737 S.E.2d 190, 2013 WL 432768, at *1 (N.C. Ct. App. 2013) (unpublished). The court sentenced Petitioner to a minimum of 483 months and a maximum of 589 months imprisonment. Id. Petitioner filed a direct appeal, and on February 5, 2013, the North Carolina Court of Appeals issued an opinion concluding that no error had occurred at trial. Id. at *3.

In 2014, Petitioner filed one or more motions for appropriate relief ("MAR") in Buncombe County Superior Court, which ultimately resulted in relief on his habitual felon conviction. See State's Resp. to Pet'r's Oct. 1, 2015 Cert. Pet. ¶ 3, State v. Wilson, No. P15-759

(N.C. Ct. App. filed Oct. 14, 2015).[1]  Petitioner was resentenced on December 5, 2014, to a minimum of 444 months and a maximum of 547 months imprisonment.[2]  He did not appeal his new judgment.

Petitioner filed another MAR in Buncombe County Superior Court in August 2015; it was denied on September 15, 2015.  See Pet'r's Oct. 1, 2015 Cert. Pet. 2, 46, id.  The North Carolina Court of Appeals denied the petition on October 16, 2015.  See State's Resp. to Pet'r's Dec. 1, 2016 Cert. Pet. ¶ 7, id. (filed Dec. 13, 2016).  Thereafter, Petitioner filed at least one more unsuccessful MAR in Buncombe County Superior Court, id. at ¶¶ 8-10, followed by unsuccessful petitions for review in the North Carolina appellate courts, see e.g., State v. Wilson, 797 S.E.2d 302 (N.C. 2017) (Mem) (dismissing notice of appeal); State v. Wilson, 797 S.E.2d 289, 290 (N.C. 2017) (Mem) (dismissing petition for discretionary review); State v. Wilson, 787 S.E.2d 28 (N.C. 2016) (Mem) (dismissing petition for discretionary review of certiorari).

On May 19, 2017, Petitioner filed a § 2254 petition for writ of habeas corpus, which this Court dismissed without prejudice on May 31, 2017, because it did not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.[3]  See Wilson v. Thornton, 1:17-cv-00133-FDW (W.D.N.C.), Doc. Nos. 1, 3.  Shortly thereafter, Petitioner filed another § 2254 habeas petition, which the Court dismissed without prejudice on July 7, 2017,

---

[1] The parties' state-court pleadings cited herein are available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Cite and Document Library.  See https://www.ncappellatecourts.org/.

[2] This information is from records maintained by the North Carolina Department of Public Safety, which are available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view.

[3] Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief.  Id., 28 U.S.C.A. foll. § 2254.  Petitioner merely listed a partial procedural history of his state proceedings and did not state any grounds for relief.  See Wilson v. Thornton, 1:17-cv-00133-FDW (W.D.N.C.), Doc. No. 1.

because it also did not comply with Rule 2(c).[4]  See Wilson v. Thornton, 1:17-cv-00165-FDW (W.D.N.C.), Doc. Nos. 1, 3, 4.

In its order dismissing the second habeas petition, the Court warned Petitioner that if he filed a third habeas petition that did not comply with Rule 2(c), the Court would review the petition on the merits, regardless of its deficiencies.  See id. at Doc. No. 4.  On July 26, 2017, Petitioner filed the instant § 2254 Petition.

**II.     STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), as construed by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 374-91 (2000), this Court may grant habeas relief on a claim of constitutional error only if the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).[5]  It is not clear whether Petitioner raised the substance of his single habeas claim in the state courts, or, if he did raise it, whether the state court addressed the claim on the merits.  Consequently, the Court will conduct a more lenient de novo review.

---

[4] Petitioner's second habeas petition contained only a single conclusory statement as a ground for relief: "There [was] no [evidence] at all no [penetration] no [bruises] around her [vagina][.]"  Pet. 5, Wilson v. Thornton, 1:17-cv-00165-FDW (W.D.N.C.), Doc. No. 1.

[5] With a few exceptions not applicable here, AEDPA also requires that a § 2254 petition be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  It is clear the Petition is untimely under § 2244(d)(1)(A).  A district court may not, on its own motion, dismiss a habeas petition as untimely, however, unless the petitioner had notice of the statute of limitations and addressed the issue.  See Hill v. Braxton, 277 F.3d 701, 706-707 (4th Cir. 2002).  Petitioner had notice of the statute of limitations, but he did not address it.  (Pet. 13-14.)

## III. DISCUSSION

Petitioner asserts, without elaboration or supporting facts, that "there [was] no evidence at all[,] no penetration[,] no bruises around her vagina[.]" (Pet. 5, Doc. No. 1.) Petitioner's claim appears to be that there was insufficient evidence to convict him of either first-degree sex offense with a child or taking indecent liberties with a child.

A person challenging the sufficiency of the evidence to support a conviction does so under the Due Process Clause of the Fourteenth Amendment. See Jackson v. Virginia, 443 U.S. 307, 318 (1979) (invalidating a conviction under the Due Process Clause when "the record evidence could [not] reasonably support a finding of guilt beyond a reasonable doubt"). "On sufficiency review, a reviewing court makes a limited inquiry tailored to ensure that a defendant receives the minimum that due process requires: a 'meaningful opportunity to defend' against the charge against him and a jury finding of guilt 'beyond a reasonable doubt.'" Musacchio v. United States, 136 S. Ct. 709, 715 (2016) (quoting Jackson, 443 U.S. at 314–315). The court considers "only the 'legal' question 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319 (emphasis in the original)).

Under North Carolina law, "[a] person is guilty of sexual offense with a child if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.4A (2008), recodified at § 14-27.28 (2015). A "sexual act" is defined, in relevant part, as "the penetration, however slight, by any object into the genital or anal opening of another person's body[.]" N.C. Gen. Stat. § 14-27.1. (2006), recodified at § 14-27.20 (2015). A person is guilty of taking indecent liberties with a child if,

4

"being 16 years of age or more and at least five years older than the child in question, he either:"

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1. There is no requirement that the State prove injury, like bruising, under either statute.

Petitioner's "claim," such as it is, concerns only the "act" element of each offense. At trial, the State presented the following relevant evidence:

> On 14 May 2012, the victim went to defendant's home to watch the age-appropriate movie "Bring it On." During the movie, defendant requested that the victim sit on his lap. When she did, he "kept touching [her] bottom," and "[h]e went up [her] pants and down [her] underwear" with his finger. When the victim made an excuse to leave, defendant said, "Don't tell anybody." The victim reported the incident to her mother who then alerted the authorities.

Wilson, 737 S.E.2d at *1. The victim also testified that Petitioner put his finger in her vagina. See Trial Tr. 187, Pet'r's Oct. 1, 2015 Cert. Pet. 22, Wilson, No. P15-759 (N.C. Ct. App.). The victim's testimony was corroborated by "the victim's mother, the social worker, Christine Nicholson, Deputy Philip Conner, and Detective Ann Levi [who] testified that the victim had informed him/her that defendant put his finger in her vagina[.]" Wilson, 737 S.E.2d at *1.

Viewing the evidence summarized above in the light most favorable to the prosecution, the Court concludes that a rational juror could have found beyond a reasonable doubt that Petitioner engaged in a sexual act with the victim. See §§ 14-27.1, 14-27.4A; Jackson, 443 U.S. at 319. The Court also concludes that, when viewed in the light most favorable to the prosecution, a rational juror could have found beyond a reasonable doubt that Petitioner took, or

attempted to take, "immoral, improper, or indecent liberties" with the victim or that he "committed, or attempted to commit" a "lewd or lascivious act upon or with the body or any part or member of the body of" the victim. See § 14-202.1; Jackson, 443 U.S. at 319.

Petitioner has not demonstrated that the evidence presented at trial was insufficient for a rational juror to find him guilty beyond a reasonable doubt of either offense of conviction. Accordingly, Petitioner's claim fails, and his habeas Petition shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**;

2. Petitioner's Motion to Proceed in forma pauperis (Doc. No. 2) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 4, 2017

Frank D. Whitney
Chief United States District Judge